**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:12-CR-59-JDK |
| vs. § | |
| § | |
| § | |
| § | |
| LATTORIS DEWAUN JACKSON (11) § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On May 5, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The hearing was conduct via video teleconference with the consent of the parties. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Ken Hawk.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Lattoris Dewaun Jackson was sentenced on January 22, 2014 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of V, was 77 to 96 months. Defendant was sentenced to 96 months of imprisonment followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and participation in testing and treatment for drug abuse.

The case was re-assigned to United States District Judge Jeremy D. Kernodle, on February 5, 2019. Defendant completed his term of imprisonment and started his term of supervised release on July 19, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 23, 2020, United States Probation Officer Glenn Filla alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant admitted to marijuana use on or about September 28, 2019, December 25, 2019, February 26, 2020 and March 1, 2020.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using marijuana as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant's original criminal history was V.  The guidelines provide that Defendant's guideline range for a Grade C violation is 7 to 13 months of imprisonment.

### *Hearing*

On May 5, 2020, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Mary Ann Cozby announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 13 months of imprisonment with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 13 months of imprisonment with no supervised release to follow. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 13 months of imprisonment with no

further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 13 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 5th day of May, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE